IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAYVON JAYSON KEITT, | : | Civil No. 3:21-cv-1476 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN SCOTT FINLEY, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Jayvon Jayson Keitt ("Keitt"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). For the reasons set forth below, the Court will dismiss the petition.

I.   **Factual Background & Procedural History**

On January 24, 2020, Keitt pled guilty to conspiring to distribute, and possess with intent to distribute, 28 grams and more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, in the United States District Court for the Southern District of New York. *United States v. Keitt*, No. 20-cr-66 (S.D.N.Y.). On August 6, 2020, Keitt was sentenced to 60 months' imprisonment, followed by five years of supervised release. (Doc. 1, p. 1; Doc. 10-1, pp. 3-5, Public Information Inmate Data). His projected release date is September 14, 2023, *via* good conduct time. (Doc. 10-1, pp. 3-5).

In 2017, prior to this drug offense, Keitt was convicted, as an adult, of robbery in the second degree in the Bronx County, New York, Supreme Court. (Doc. 10-1, Declaration of Drew O. Inman, BOP Attorney Advisor, p. 2 ¶ 6).

In May 2021, the BOP Designation and Sentence Computation Center determined that Keitt's prior robbery conviction precluded his eligibility for a prison term reduction. (*Id.* at p. 2 ¶ 5; Doc. 10-1, p. 7, Request for § 3621(e) Offense Review).

In the instant habeas petition, Keitt argues the following: (1) he should be eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because he was a juvenile at the time of the robbery conviction; (2) under 28 C.F.R. § 550.55(b) only adult convictions can disqualify an inmate from receiving the prison term reduction; and (3) his robbery conviction does not constitute such a disqualifying adult conviction. (Doc. 1, pp. 6-7). For relief, Keitt seeks release from custody under 18 U.S.C. § 3621(e)(2)(B) upon completion of the Residential Drug Abuse Program ("RDAP"). (*Id.* at p. 8).

Respondent argues that the petition must be dismissed for the following reasons: (1) federal courts lack subject matter jurisdiction to review the BOP's individualized RDAP determinations; (2) Keitt is not entitled to early release benefit under 18 U.S.C. § 3621(e)(2)(B); (3) Keitt's claim is outside the scope of § 2241; and (4) the BOP properly deemed Keitt ineligible for early release under 18 U.S.C. § 3621(e)(2)(B). (Doc. 10).

In the answer, Respondent explains the RDAP program:

> Pursuant to 18 U.S.C. § 3621(b), the BOP is directed to make available appropriate substance abuse treatment for each prisoner the Bureau

determines has a treatable condition of substance addiction or abuse. As such, the BOP must provide residential substance abuse treatment to eligible prisoners. 18 U.S.C. § 3621(e)(1). The BOP has discretion to determine which prisoners are eligible to participate in the RDAP and to grant or deny eligible inmates sentence reductions upon successful completion of the program. *Id.* at § 3621(e)(2)(B). Participants who successfully complete the RDAP may have their sentences reduced by up to one year. *Id.* The BOP has established regulations governing eligibility for participation in the RDAP. 28 C.F.R. § 550.53; BOP Program Statement 5330.11, Psychology Treatment Programs.

The RDAP consists of three components. 28 C.F.R. § 550.53(a). The first component is the residential unit-based component. 28 C.F.R. § 550.53(a)(1). This component is comprised of a course of individual and group activities provided by a team of Drug Abuse Treatment Specialists and the Drug Abuse Program Coordinator in a separate treatment unit apart from the general prison population. *Id.* In component two, inmates must participate in the follow-up services to the RDAP unit-based component. 28 C.F.R. § 550.53(a)(2). At this interval, inmates receive counseling support while they transition back into general population. *Id.*

The final RDAP component is the community Transitional Drug Abuse Treatment component (TDAT). 28 C.F.R. § 550.53(a)(3). Inmates who have completed the unit-based program and (when appropriate) the follow-up treatment, and are transferred to community confinement, must successfully complete community-based drug abuse treatment in a community-based program to have successfully completed the RDAP. *Id.* For inmates to successfully complete all components of the RDAP they must participate in TDAT in the community. *Id.* If they refuse or fail to complete TDAT, they fail the RDAP and are disqualified from receiving additional incentives, including possible early release under 18 U.S.C. § 3621(e)(2)(B). 28 C.F.R. § 550.56(a).

(Doc. 10, pp. 2-4) (footnote omitted).

The petition is ripe for resolution.

## II.   Discussion

### A.   Jurisdiction

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a § 2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *See Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)).

In *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021), the United States Court of Appeals for the Third Circuit considered whether a petitioner may challenge an RDAP placement decision in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. In *Chambers*, the Third Circuit determined that the district court had properly rejected the petitioner's request for placement in RDAP on jurisdictional grounds:

> [T]he District Court properly rejected on jurisdictional grounds Chambers's request for placement in an RDAP. A challenge to the execution of one's sentence, under § 2241, requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the judgment. *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). While the criminal judgment here included a recommendation that Chambers obtain intensive drug treatment while incarcerated, it did not recommend that he participate in a specific program, and there is no evidence in the record indicating that the BOP has blocked Chambers from receiving treatment. Furthermore, the BOP has discretion to determine which prisoners are eligible to participate in an

4

> RDAP, *see* 18 U.S.C. § 3621(e)(5)(B), and the Administrative Procedures Act prohibits judicial review of RDAP-placement decisions. *See Standifer v. Ledezma*, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011); *see also* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). The District Court thus did not err in disposing of Chambers's RDAP claim.

*Chambers*, 852 F. App'x at 650. The Third Circuit further stated that:

> Even assuming, arguendo, that there were some discrepancy between the sentencing court's recommendation and the BOP's conduct, no habeas claim would arise. *Cf. Cardona*, 681 F.3d at 537 n.7. Entry into the RDAP would not guarantee less time served for Chambers, so his claim that he is being denied entry to the program improperly is not cognizable under § 2241. *See Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002).

*Chambers*, 852 F. App'x at 650 n.2. Although the *Chambers* decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996).

The Court agrees with the reasoning in *Chambers* and concludes that it lacks jurisdiction over the claims in the instant petition. The Bureau's authority to reduce an inmate's sentence for completion of RDAP falls under 18 U.S.C. § 3621.[1] 18 U.S.C. § 3625 states that the judicial review provisions of the Administrative Procedures Act "do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621. Thus, courts have held that they lack jurisdiction to consider challenges to RDAP early release decisions. *See Thorndike v. Hollingsworth*, No. 15-cv-2014, 2016 WL

---

[1] Congress provided that "the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment . . . for all eligible prisoners. . ." 18 U.S.C. § 3621(e). For inmates who successfully complete RDAP, the BOP may reduce the inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B).

4705443, at *5 (D.N.J. Sept. 8, 2016) (collecting cases). Here, in Keitt's criminal proceeding, the sentencing court recommended that he participate in the RDAP program. See Keitt, No. 20-cr-66 (S.D.N.Y.), Doc. 43. Keitt seeks early release under § 3621(e)(2)(B) upon completion of the RDAP. However, the BOP determined that Keitt is not eligible for early release under 18 U.S.C. § 3621(e)(2)(B) based on his prior robbery conviction.[2] (Doc. 10-1, pp. 6-7). The statute clearly provides that the decision to grant early release to an inmate upon completion of the RDAP is vested in the discretion of the BOP.

Upon review of Keitt's claims, the Court concludes that it lacks jurisdiction over the petition. Accordingly, the petition must be dismissed.

### B. Keitt Is Not Eligible for Early Release

The Court also finds that Keitt is not eligible for early release under 18 U.S.C. § 3621(e)(2)(B) because he did not successfully complete all of the requirements of the RDAP. Keitt admits that he has not yet completed the RDAP program. (Doc. 13, p. 1 n.1). Consequently, at the time he filed this petition, Keitt was not eligible for consideration for early release because he had not actually successfully completed the program,

---

[2] The BOP found that Keitt's prior robbery conviction precludes him from early release eligibility pursuant to 28 C.F.R. § 550.55(b)(4) which states, in part:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (iii) Robbery.

28 C.F.R. § 550.55(b)(4)(iii).

notwithstanding the fact that he was ineligible for consideration by virtue of his prior conviction for robbery.

Further, even if Keitt was eligible for early release and had successfully completed the RDAP program, such completion would not guarantee a reduction of his sentence, only that he would be considered for one, which the BOP "may" grant. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.55(a). "[W]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners." *Carey v. Warden, FCI Allenwood-Low*, No. 17-cv-500, 2017 WL 2288857, at *2 (M.D. Pa. May 25, 2017). Thus, "[a] prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011), and *Fristoe v. Thomson*, 144 F.3d 627, 630 (10th Cir. 1998)). Therefore, the habeas petition may also be denied for lack of merit.

7

## III. Conclusion

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be dismissed. Because the Court is dismissing the habeas petition, we do not reach Keitt's request for appointment of counsel.

A separate Order shall issue.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Robert D. Mariani
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: December __7__, 2021